RAMÓN GONZÁLEZ, Plaintiff and Appellant, *v.* PEÑA & BALBÁS, Defendants and Appellees.

No. 4166. Argued June 7, 1927.—Decided July 26, 1928.

*Enrique Campillo* for the appellant. *A. Marín Marién* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Ramón González owned three small frame houses on a lot for which he paid rent to the civil partnership Peña & Balbás and in an action of unlawful detainer for failure to pay the rent he was evicted from the property. He then brought this action against that partnership to recover the sum of $688.49 as indemnity for the value of the houses. The defendants answered and counterclaimed that González should remove or demolish the houses, or, if he should not do so within the time to be granted by the court, it should be done by the marshal so as to leave the lot of the counterclaimants completely without the houses and at their free disposal. Judgment was rendered in the case dismissing the complaint and sustaining the countercomplaint, consequently ordering that the counterdefendant vacate the lot either by moving the houses to another place or by destroying them, without any right to indemnity, and that if he should fail to do so within ten days after the judgment became final the countercomplainants would be authorized to do so at the cost of the other party. This appeal was taken by the plaintiff from that judgment.

In affirming the refusal of the District Court of San Juan to issue a writ of mandamus against the marshal of a municipal court because after evicting Ramón González from the said property he refused to destroy and remove the houses built on the lot, this court said that a mandamus was not the proper remedy in such a case. On a motion to reconsider filed in this court we confirmed our decision and cited sections 487 and 1476 of the Civil Code referring to

useful and voluntary improvements made by lessees on leased properties.

Those sections are applicable here and read as follows:

"Sec. 1476. A lessee shall have, with regard to the useful and voluntary improvements, the same rights which are granted a usufructuary.

"Sec. 487. The usufructuary may make, on the property given in usufruct, whatever improvements he deems proper, either for a useful purpose or for pleasure, provided he does not change its form or substance; but he shall have no right to be indemnified therefor. He may, however, remove the said improvements, if it be possible to do so without damage to the property."

These rules are clear and in accordance with them the lessee, now appellant, has no right to be indemnified for the three houses that he had on the lot for which he was paying rent to Peña & Balbás, inasmuch as those buildings have the character of useful improvements not subject to indemnification, as held by the Supreme Court of Spain in its judgment of April 20, 1901, referring to the construction of three sheds built on a leased property by the lessee.

However, the appellant contends that he does not base his claim on those sections of the Code, but on its section 370, under which the defendant is obliged to compensate him for the value of the houses. That section is found in the chapter which treats of accession and reads as follows:

"The owner of the land which has been built upon, sown, or planted in good faith, has the right to appropriate as his own, the work, sowing or planting, by previously paying the indemnity specified in sections 455 and 456 of Chapter III, Title V, and to oblige the person who has built or planted to pay him the value of the land, and the person who sowed, to pay the corresponding rent."

It is not applicable to cases of leases, which are considered by the law in the nature of usufructs. In support of that we quote from Manresa's commentaries on section 361 of the Spanish Civil Code, equivalent to section 370 of our Code, as follows:

"The second question to which we refer is whether sec. 361 is applicable to cases wherein the person who builds, sows or plants is a lessee, emphyteuta or usufructuary of the land in question. Undoubtedly not. The same author cited (referring to Laurent) understands, in accordance with our opinion, that such cases should 'be decided in conformity with the general principles applicable in that respect to leases, emphyteusis and usufruct'; and thus, as regards the first of such contracts, it is confirmed by the judgment of February 28, 1906." Manresa, vol. 3, p. 210.

The same author, vol. 4, p. 431, commenting on section 487 which corresponds to the same number already cited of our code, says:

"The rules relating to accession can not be applied to the usufructuary, nor can he be considered a possessor in good or bad faith."

For the foregoing reasons the plaintiff has no right to be indemnified for the three houses which he had on the lot of Peña & Balbás.

At the termination of the usufruct, the same as of the lease, the usufructuary or the lessee may remove the useful improvements and those for recreation which had been made, if possible to do so without detriment to the property; but the usufructuary and the lessee can not be compelled to remove the improvements, even though they might do it without damage to the property, and as the counter-defendant is not ordered by the judgment to remove the houses, but is given the right to do so within a certain time, we shall not modify the judgment.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.